UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF NOBUO OMORI FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782, Applicant. | Case No.   5:23-mc-80195-EJD<br><br>**ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

Before the Court is Applicant Nobuo Omori's *ex parte* application ("Application") for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding ("*Ex Parte* Application" or "Application"). Specifically, Applicant seeks documents from Meta Platforms, Inc. ("Meta") to discover personal identifying information relating to an anonymous Instagram user who had disseminated naked photographs of Applicant's underage daughter. For the reasons stated below, the Application is GRANTED.

**I.   BACKGROUND**

Applicant is the father of Y.O., a junior high school student in Japan who uses an account on Instagram. Omori Decl. ¶¶ 2-3. On June 25, 2023, an anonymous individual on Instagram with the username, "rit_a1227" (the "Rita Account") contacted Y.O. via her Instagram account. Omori Decl. ¶ 6. Over the course of the next few days, Y.O. shared her date of birth and a photograph of her face with the Rita Account, which the Rita Account then used to pressure Y.O. into sending a naked photograph. *Id.* ¶¶ 7–11. Y.O. subsequently reported the message she received from the Rita Account to Instagram and blocked the Account. *Id.* ¶ 12.

On July 2, 2023, the Rita Account published an Instagram story with the naked photograph from Y.O. and the messages, "Everyone Y.O. told me she loves me and even showed me her

naked body. Then she blocked me," and "Everyone I am dating Y.O. so please support me. She confessed her love to me naked. Isn't it crazy." Omori Decl. ¶ 14. The Rita Account then demanded additional naked photographs from Y.O., which Y.O. did not send. *Id.* ¶ 17. On July 3, 2023, the Rita Account was removed, along with the direct messages between Y.O. and the Account. *Id.* ¶ 19. The same day, Y.O. informed her parents about what had transpired, and Applicant accompanied Y.O. to the police station to report the incident. *Id.* ¶¶ 20–22.

Applicant consulted with and hired counsel, Katsuyuki Kawamura, to file a civil lawsuit against the individual operating the Rita Account. However, Kawamura advised Applicant that he must first discover the identity of the individual, which was necessary before filing suit in Japan. Applicant intends to file a civil lawsuit upon learning the individual's identity. Omori Decl. ¶¶ 35–37.

On July 26, 2023, Applicant filed the instant *ex parte* application for an order pursuant to 28 U.S.C. § 1782. ECF No. 1. The Application seeks two requests for production as follows:

> **REQUEST FOR PRODUCTION NO. 1.** ALL DOCUMENTS showing the following information ever registered with ACCOUNT 1:
>
> (i)   ALL names, addresses, e-mail addresses, and telephone numbers;
>
> (ii)  ALL names and addresses of ALL credit cards registered to ACCOUNT 1 (but not the credit card number, expiration date, or card validation code); and,
>
> (iii) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ACCOUNT 1.
>
> **REQUEST FOR PRODUCTION NO. 2.** ALL DOCUMENTS showing the following information as of the date that ACCOUNT 1 was created, and for the three-month period immediately preceding July 26, 2023 and until the date that you respond to this request: ALL access log (IP addresses, corresponding port numbers, corresponding dates and times, and corresponding destination IP addresses) of ACCOUNT 1.

ECF No. 1, at 13.

## II.   LEGAL STANDARDS

Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to

order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the mandatory statutory requirements, the district court retains discretion in determining whether to grant an application under § 1782(a) and may impose conditions it deems desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel Corp.*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–66.

### III.   DISCUSSION

#### A.   Statutory Factors

The Court finds that Applicant has satisfied the three statutory criteria of § 1782(a).

First, the Application satisfies the residence requirement because Meta is headquartered in and has its principal place of business in Menlo Park, California. Kawamura Decl. ¶ 6, ECF No. 1-2; *see also, e.g.*, *In re Todo*, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases). Therefore, Meta resides or can be found in this district for the purposes of § 1782.

Second, the Court finds that the discovery is sought for use in foreign proceedings. If a § 1782(a) request is made when there is no currently pending proceeding, such a proceeding must be

"likely to occur" or is "within reasonable contemplation." *Intel Corp.*, 542 U.S. 241 at 258–59. Applicant had consulted and hired Japanese counsel to pursue a civil lawsuit in Japan but was informed that the true identity of the anonymous individual was required to file the suit. Omori Decl. ¶¶ 34–37. Additionally, Applicant's counsel has corroborated Applicant's intent to file suit and provided specific articles in the Civil Code of Japan under which he intends to file suit. Kawamura Decl. ¶¶ 5, 7–14. The Court is satisfied that the foreign civil suit is within reasonable contemplation and likely to occur.

Finally, Applicant is plainly an "interested person" in the contemplated foreign proceedings, as he would be bringing the action on behalf of his underage daughter. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782.") (internal quotation marks and brackets omitted).

Based on the foregoing, the Court finds that the Application satisfies the statutory factors to warrant an order pursuant to § 1782.

### B.  Discretionary *Intel* Factors

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of granting the Application.

#### 1.  Participation of Target in the Foreign Proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity.") (quotation marks and citation omitted). Here, Meta would not be a party in the contemplated Japanese civil proceeding, and therefore, the Japanese tribunal would be unable to compel Meta to produce discovery without the aid of § 1782. Kawamura Decl. ¶ 15. "In these circumstances, the need for

assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022) (citing *Intel*, 542 U.S. at 264). Accordingly, the first *Intel* factor weighs in favor of granting the Application.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second *Intel* factor also favors granting the Application. "Courts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4 (internal quotation marks omitted).

Here, the Court is unaware of any evidence that foreign courts in Japan would reject evidence obtained via § 1782, and foreign counsel has represented that Japanese courts are receptive to assistance in discovery from federal courts. Kawamura Decl. ¶¶ 16–17; see also *Bitwallet Pte. Ltd. v. Meta Platforms, Inc.*, 2023 WL 1111505, at *3 (N.D. Cal. Jan. 30, 2023) (finding factor weighed in favor of discovery where Japanese counsel made similar representations). Accordingly, given that there is no authoritative proof that a Japanese court would reject evidence obtained under § 1782, the second *Intel* factor weighs in favor of granting the Application.

### 3. Circumvention of Proof-Gathering Restrictions

The third factor—whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—also favors permitting the requested discovery. *Intel Corp.*, 542 U.S. at 265.

"Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). Here, foreign counsel is not aware of any restrictions on proof-gathering procedures or

policies in Japan that would prohibit obtaining the discovery they seek through the Application. Kawamura Decl. ¶ 16. The Court sees no reason to doubt foreign counsel's representations and, therefore, finds that there is nothing to suggest that Applicant is attempting to circumvent Japanese proof-gathering restrictions.

### 4. Unduly Intrusive or Burdensome

The fourth factor the Court must consider is whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests may be intrusive or burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

Applicant's proposed subpoena contains two requests for production: (1) all documents showing names, addresses, e-mail addresses, and telephone numbers registered with the Instagram account at issue; and (2) all documents showing the Instagram account's access log information, including IP addresses, corresponding port numbers, corresponding dates and times, and corresponding destination IP addresses. ECF No. 1, at 13.

The Court finds that Applicant has sufficiently shown that he has taken measures to tailor the subpoena request to avoid being unduly intrusive or burdensome. For instance, although Applicant requests "ALL names and addresses of ALL credit cards registered to" the Instagram account, he also expressly excludes the discovery or any "credit card number, expiration date, or card validation code." ECF No. 1, at 13; *In re Med. Corp. H&S*, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting discoverable credit card information to the name and address registered to the payment information). With respect to Applicant's proposed request for access log information, foreign counsel has thoroughly demonstrated why such information is relevant and necessary to pursue Applicant's contemplated civil suit in Japan. Kawamura Decl. ¶¶ 19–32; *see also In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *4 (N.D. Cal. Aug. 10, 2021) (granting subpoena without limitation that requested "ALL access log and login history (dates, times, IP addresses, and type of accesses)").

Accordingly, the Court finds that the subpoena's scope and limitations suggest that the requested discovery is not "unduly intrusive or burdensome." The fourth *Intel* factor, accordingly,

favors granting the Application.

* * *

In sum, the Court finds that all *Intel* discretionary factors favor granting the Application. Accordingly, the Court will exercise its discretion in granting the Application without prejudice to any subsequent motion to quash or modify the subpoena.

## IV.  CONCLUSION

Based on the foregoing, the Court finds that the Application satisfies the statutory factors under 28 U.S.C. § 1782 and the discretionary *Intel* factors. Accordingly, the Application is GRANTED. Applicant may serve the proposed subpoena on Meta Platforms, Inc.

**IT IS SO ORDERED.**

Dated: September 12, 2023

EDWARD J. DAVILA
United States District Judge